IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO DIFIORE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:05-cv-1469 |
| | ) |
| PPG INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER OF COURT

Before the Court for consideration and disposition is the MOTION TO COMPEL ARBITRATION OR, ALTERNATIVELY, MOTION TO DISMISS (*Document No. 4*) filed by defendant PPG Industries, Inc. ("Defendant" or "PPG"). The issue has been fully briefed and is ripe for disposition. *See* Document Nos. 5, 7 & 8.

On or about December 21, 2005 plaintiff Antonio DiFiore, Jr. ("Plaintiff") filed a Complaint against Defendant alleging race discrimination, gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Defendant contends, *inter alia*, that the claims alleged by Plaintiff are subject to a PPG mandatory arbitration program called "Resolve." Motion at unnumbered 1. Plaintiff contends that he never manifested his intent to be subject to the "Resolve" program, and therefore he may maintain this action in federal court. Pltf's Br. at 4.

The Federal Arbitration Act ("FAA") "makes enforceable a written arbitration provision in 'a contract evidencing a transaction involving [interstate] commerce.'" *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 268 (1995) (*quoting* 9 U.S.C. § 2). Under the FAA, 9 U.S.C. § 3, a court shall enter a stay pending arbitration when issues brought before it are subject to a written arbitration clause. *See* 9 U.S.C. § 3. The Court of Appeals for the Third Circuit has interpreted this provision to permit dismissal when all issues in the action are arbitrable. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 600-02 (3d Cir. 2002). Under the FAA, in order to

determine if there is an enforceable arbitration agreement between the parties that compels arbitration and a stay or dismissal of the present action, a court must consider the following issues: (1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the plaintiff's claims fall within the substantive scope of the valid arbitration agreement. *See PaineWebber v. Hartmann*, 921 F.2d 507, 510-11 (3d Cir. 1990), *overruled on other grounds by Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85 (2002).

The Court finds and rules that this action is subject to arbitration pursuant to the Resolve program. First, Plaintiff does not dispute that his claims fall within the substantive scope of the arbitration agreement, and that he is a "covered employee" to whom the program applies.[1] Second, the parties' agreement to arbitrate this dispute is valid and enforceable. On or about December 16, 2003, the President and Chief Operating Officer of PPG sent an e-mail to PPG's employees which advised them that PPG was about to implement a dispute resolution process called "Resolve." PPG's Exhibits, exh. 2 at unnumbered 1. The e-mail states that the Resolve program will become effective as of January 1, 2004, and that "[b]eginning on that date, covered PPG employees will be required **as a condition of employment** to use *Resolve* as the way to address and resolve employment-related disputes." *Id*. (emphasis added; italics in original). Additionally, attached to the e-mail were the "Program Summary" and the "Policy and Procedure" manual for the Resolve program. *See id.* Consistent with the e-mail, the Program Summary provides as follows:

> *Resolve* will go into effect January 1, 2004. After that date, U.S. employees who are not represented by a labor union ("covered employees") must use *Resolve* to resolve workplace problems and disputes. By accepting an offer of employment **or by continuing employment with PPG** ... on or after January 1, 2004, new or current employees agree, as a condition of employment, that all "covered claims"

---

[1] Race discrimination, gender discrimination and retaliation claims are explicitly identified as "covered claims" under the Resolve program. PPG's Exhibits, exh. 3 at 5. Additionally, "[t]he *Resolve* process applies to all U.S. employees of PPG who are not represented by a union." *Id*. at 4 (italics in original). There is no evidence or allegation that Plaintiff is represented by a union.

2

... are subject to the *Resolve* process.

PPG's Exhibits, exh. 4 at 2 (emphasis added; italics in original).

Plaintiff states in his affidavit that he never accepted the Resolve program, never signed a document which manifested acceptance of the Resolve program and never told his supervisors that Resolve was acceptable. Pltf's aff. at ¶ 8. Similarly, Plaintiff contends in his brief that there is no evidence that he agreed to be bound by the Resolve program. Pltf's Br. at 4. The Court does not agree with Plaintiff's argument. Plaintiff states in his affidavit that he continued to work for Defendant after the Resolve program was electronically announced and after its effective date of January 1, 2004. Pltf's aff. at ¶ 8. This fact is a sufficient manifestation of Plaintiff's intention to be bound by the Resolve program. Under Pennsylvania law,[2] "[i]n the employment context, the communication to employees of certain rights, policies and procedures may constitute an offer of an employment contract with those terms." *Bauer v. Pottsville Area Emergency Medical Services, Inc.*, 758 A.2d 1265, 1269 (Pa. Super. Ct. 2000) (citation omitted). "The employee signifies acceptance of the terms and conditions by continuing to perform the duties of his or her job; no additional or special consideration is required." *Id.*[3] By continuing to work for Defendant after January 1, 2004, Plaintiff manifested his assent to the Resolve program despite the fact that he never signed a document which evidenced acceptance thereof, and never told his supervisors that Resolve was acceptable. While the Court recognizes the dilemma of Plaintiff's situation, the Court finds that Plaintiff's claims must be arbitrated pursuant to PPG's

---

[2] "A federal court must generally look to the relevant state law on the formation of contracts to determine whether there is a valid arbitration agreement under the FAA." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002) (citation omitted).

[3] Under Pennsylvania law the agreement to arbitrate must actually be communicated to the employee. *See Quiles v. Financial Exchange Co.*, 879 A.2d 281, 286-87 (Pa. Super. Ct. 2005). Defendant represents to the Court that documentary evidence establishes that Plaintiff opened the December 16, 2003 e-mail, but Defendant declined to submit documentary evidence of same due to the size of the document. Def's Br. at 5 n.1. The Court accepts Defendant's representation and further observes that Plaintiff does not testify to the contrary in his affidavit.

Resolve program.  Therefore, the Court will grant Defendant's Motion to Compel Arbitration. An appropriate Order follows.

                                                                           McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTONIO DIFIORE, JR.,** | ) |
| Plaintiff, | ) |
| v. | ) 2:05-cv-1469 |
| **PPG INDUSTRIES, INC.,** | ) |
| Defendant. | ) |

### ORDER OF COURT

AND NOW, this 1st day of March, 2006, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion to Compel Arbitration is **GRANTED**.  It is further ORDERED that the parties shall proceed to arbitrate Plaintiff's claims pursuant to the PPG Employee Dispute Resolution Process, *i.e.*, the Resolve program.  It is further ORDERED that Defendant's Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED AS MOOT**.  This case is dismissed without prejudice and the Clerk shall docket the case closed.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     Erik M. Yurkovich, Esquire
        Email: Erik.Yurkovich@gmail.com

        Michael A. Pavlick, Esquire
        Email: mpavlick@klng.com